## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY A. GUMMO, | Civil Action No. 3:23-cv-237 |
| Plaintiff, | |
| v. | |
| BLAISE ALEXANDER ALTONNA, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Kelly A. Gummo, by undersigned counsel, files this Complaint.

### I.  Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1331.

### II.  Administrative Exhaustion

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq*. in that:

   a. On or about April 28, 2023, Plaintiff filed a timely charge alleging sex discrimination with the Equal Employment Opportunity Commission (EEOC), which was dual filed with the Pennsylvania Human Relations Commission (PHRC) on or about that same date;

   b. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated July 24, 2023.

   c. This case was filed within 90 days of receipt of the Dismissal and Notice of Rights.

### III. The Parties

3.  Plaintiff, Kelly A. Gummo, is an individual who resides in Blair County, Pennsylvania.

4.  Defendant, Blaise Alexander Altoona, Inc., is a Pennsylvania corporation with a principal place of business at 101 Pleasant Valley Boulevard, Altoona, Pennsylvania 16602.

### IV. Factual Background

5.  Defendant hired Gummo on September 30, 2022 when Defendant acquired a Chevrolet dealership from the previous owner for whom Gummo had been employed.

6.  Prior to Defendant purchasing the dealership, Gummo held the position of Finance Director.

7.  On or about November 8, 2022, Defendant told Gummo that she would be transferred to the position of Team Lead.

8.  On or about December 5, 2022, Defendant told Gummo that she would be promoted to Desking Manager.

9.  On December 7, 2022, Gummo met with Jake Schmidt, General Manager, and Lisa Chamberlain, Finance Director, at which time Schmidt advised Gummo that her employment with Defendant was being terminated.

10. In response, Gummo asked if the termination was related to her job performance, and Schmidt told her it was not performance related.

11. Schmidt told Gummo that he was directed by Defendant's owner, Blaise Alexander, to terminate Gummo.

12. Prior to giving the directive to terminate Gummo, Alexander told Schmidt and Chamberlain that Gummo was "not going to be able to run with the guys" and that the "guys won't respect" Gummo as the Desking Manager.

13. Alexander also said that Gummo was "too emotional" and that "women are hormonal bitches" or words to that effect.

14. After terminating Gummo, Defendant retained Robert Shaffer, a male, in the Desking Manager position and later promoted Brent Shook, another male, to Desking Manager.

**Count I**
**Title VII – Sex Discrimination**

15. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 14 as if fully restated herein.

16. Defendant terminated Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

17. Defendant's actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended;

    b. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

e. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

**RAMAGE LYKOS, LLC**

*/s/ Nikki Velisaris Lykos*
Nikki Velisaris Lykos
PA I.D. No. 204813
Colleen E. Ramage
PA I.D. No. 64413
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700 (phone)
(412) 325-7755 (fax)
nlykos@ramagelykos.law
cramage@ramagelykos.law
Attorneys for Plaintiff